## ADOPTION OF PAPER IN WILL BY REFERENCE.

Common Pleas Court of Columbiana County.

JEPTHA G. MILLER, AS EXECUTOR OF THE ESTATE OF LAURA LOUNSBURY, DECEASED, V. CORA L. MACKENZIE ET AL.

Decided, October Term, 1920.

*Wills—Adoption by .Reference of Letter of Instructions not in Existence at Time of Execution of the Will not Effective.*

1. The will itself must refer to a paper to be incorporated as being in existence at the time of the execution of the will, and in such a way as to reasonably identify such paper in the will, and in such way as to show testator's intention to incorporate such instrument in his will and to make it a part thereof.
2. Such document must, in fact, be in existence at the time of the execution of the will.
3. Such instrument must correspond to the description thereof in the will and must be shown to be the instrument therein referred to.

*Lodge Riddle,* for plaintiff.
No counsel for defendants appeared.

MOORE, J.

Laura Lounsbury died June 11, 1920, leaving a last will which was duly admitted to probate in the probate court of Columbiana county, on July 1, 1920. Jeptha G. Miller was duly appointed executor thereof. The will was executed May 20, 1916.

Item 3rd of the will is as follows:

"Third: I give, devise and bequeath all the remainder of my property real and personal (except such articles as are otherwise disposed of in my letter of instructions to Mrs. Miller, who is to distribute them according to instructions) to my nieces Cora Mackenzie, Mrs. J. G. Miller, Mrs. H. T. Clapp, Mrs. Garry Dunn and my nephews Harry MacLane and Ed. MacLane to be equally divided among them all."

After the death of said Laura Lounsbury her said will and the following letter were found among other papers in her safety deposit box in the Firestone Bank, Lisbon, Ohio.

Said letter was in a sealed envelope addressed on the outside thereof to Cora Mackenzie, Mrs. H. T. Clapp and Mrs. J. G. Miller.

The following is a copy of said letter:

"March 16, 1920.

"Dear Girls.  This is the last request I will make of you. Now I want to tell you my wishes.  You three, Cora, Minnie and Nettie, are to have the contents of the house to divide between you, only Dorothy Petty is to have the old secretary, as she will value it more than any wife of Mackenzie Miller would.

"The blue and white quilt is to be Dorothy Petty's, too, as it is the last one I pieced.  If you want to give anything to the MacLanes you can do so, though you girls come first (as they were so many years that they drifted away).  The house is not to be sold at a loss, and when sold the money is to be divided among all the heirs.  Cora is to have my wrist watch, if she hasn't one.  If either of you three girls die before I do, her share of Union stock is to be divided between the two remaining.

"My jewelry you can divide as you like, it is not valuable only for association.

"Laura Lounsbury, Lisbon,
"Margaret Meister,
"Nannie Baker."

Said Margaret Meister and Nannie Baker, it is admitted, signed said letter as witnesses only.

In Page on Wills, Section 162, pages 183, 184 and 185, and cases there cited, it is said:

"A will may by reference incorporate into itself as completely as if copied in full, some other paper which, in itself, is not a will for lack of execution."

"In order so to incorporate three things are necessary:

"1.    The will itself must refer to such paper to be incorporated as being in existence at the time of the execution of the will, and in such a way as to reasonably identify such paper in the will, and in such way as to show testator's intention to incorporate such instrument in his will and to make it a part thereof.

"2.  Such document must, in fact, be in existence at the time of the execution of the will.

"3.  Such instrument must correspond to the description thereof in the will and must be shown to be the instrument therein referred."

It will be noticed that said will was executed May 20, 1916, and said letter is dated and was executed March 16, 1920.  So that said letter of instruction was not in existence at the time of the execution of said will.  The will refers to a letter of instructions to Mrs. Miller.  The letter found and described in the petition was addressed on the envelope to three persons, one of them being said Mrs. Miller, and the letter itself is addressed to "Dear Girls."  There are no words in the will in terms making said letter a part of the will, or stating that the letter is to be considered as a part thereof.

Therefore, said letter of instructions not being in existence at the time of the execution of said will, and not reasonably identified as the paper described in the will, and no language of the will stating the same shall be considered as a part of the will, the court is of the opinion that said letter of instructions referred to in said petition, is not and should not be considered as a part of this will, and the true construction of said item third of said will is as follows: "Third.  I give, devise and bequeath all the remainder of my property, real and personal, to my nieces Cora Mackenzie, Mrs. J. G. Miller, Mrs. H. T. Clapp, MacLane, to be equally divided among them all."

Mrs. Garry Dunn and my nephews Harry MacLane, and Ed.

And a decree may be taken accordingly.